UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| MOUSEN ADEN, | ) |
| --- | --- |
| Plaintiff, | ) |
| | ) No. 3:15-cv-00907 |
| v. | ) Senior Judge Haynes |
| CONGRESS, | ) |
| Defendant. | ) |

## MEMORANDUM

Plaintiff, Mousen Aden, an inmate of the Riverbend Maximum Security Institution in Nashville, Tennessee, filed this *pro se* action against the Defendant Congress seeking a Court order to provide him with a Secret Service agent, a United States Marshall and armored vehicles. (Docket No. 1).

Based upon a review of his complaint, Plaintiff appears to allege that he is a sovereign citizen of the United States and describes himself as "much the same as a king and [a person who] has mental vision of all agents of public and private organs and can fully bring insight into the appropriate use of executive, legislative and judicial powers to safely implement a systematic change into the Golden Age." (Docket No. 1 at 3). Plaintiff asserts that "the government of tomorrow" is "either under [his] supervision" or his "request for independence shall be acknowledged." *Id.* Plaintiff seeks an order that the Clerk "immediately activate this process of civil action for the King." *Id.* at 4. Plaintiff also asks the Court to provide him with a Secret Service agent, a United States Marshal, and armored vehicles. *Id.* at 1..

The Plaintiff's complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

The dismissal standard in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

The Plaintiff appears to be an adherent of the "sovereign citizens movement." *See Colar v. Heyns*, 2013 WL 141138, at *3 (W.D. Mich. Jan. 11, 2013)("The 'sovereign citizen movement' is

well documented. The Federal Bureau of Investigation has classified 'sovereign citizens' as domestic terror threats because they are anti-government extremists."). Members of the "sovereign citizen" movement claim to be immune from all state and federal laws by virtue of their supposed identities as descendants of indigenous peoples and for other reasons. *See El-Bey v. City of Greensboro*, 2010 WL 3242193, at *2 (M.D. N.C. Aug. 16, 2010). "By now, the path of these litigants is well-traveled, and courts have repeatedly rejected their claims as frivolous." *Id.* at *2 n.1. "Ironically, persons who identify themselves as 'sovereign citizens,' claiming that they are not subject to state or federal laws, routinely argue that they are at the same time protected by these very laws, particularly the U.S. Constitution." *Id.* at *2 n.2.

However, labeling one's self as a "sovereign citizen" does not immunize a person from the jurisdiction or processes of the state or federal courts. Adopting the label of "king" does not confer upon Plaintiff the constitutional authority to bind the Congress of the United States, the Attorney General of the United States, or the United States Marshal Service to the enforcement of orders for his benefit. *Richmond v. Wampanoag Tribal Court Cases*, 431 F. Supp.3d 1159, 1182 (D. Utah. 2006). The relief sought by Plaintiff (*i.e.*, ordering a United State Marshal and a Secret Service Agent for his protection, and ordering the procurement of armored vehicles for his personal use as a king), cannot be accomplished simply because the Plaintiff asserts himself as a sovereign citizen and a king. The Court cannot levy taxes on the citizens of Somalia, as the Plaintiff asks the Court to do in one of his pending motions. (Docket No. 8).[1]

---

[1] The Plaintiff previously attempted to sue Somalia, the Somali Mission, and the Somali Ambassador, claiming that they had failed to enter into diplomatic treaties in order to procure the resources necessary to establish a military capable of defending Somali citizens and sovereign resources. *Mousen Aden v. Somalia Permanent Mission to UN*, No. 3:15-cv-00513 (M.D. Tenn. May 2015)(Campbell, J.). The Court dismissed that case earlier this year.

The Court concludes that Plaintiff's claims are frivolous and Plaintiff's complaint must be dismissed *sua sponte*.

An appropriate Order is filed herewith.

Entered this the ___21st___ day of ___December___, 2015.

_____
WILLIAM J. HAYNES, JR.
Senior United States District Judge